UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                                         :
HATEKS HATAY TEKSTIL ISLETMELERI                         :
A.S.,                                                    :        **ORDER AND OPINION**
                                                         :        **GRANTING MOTION FOR**
                                          Plaintiff,     :        **DEFAULT JUDGMENT**
                       -against-                         :
                                                         :             21 Civ. 10548 (AKH)
UNIQUE BOUTIQUE HOME INC. and ONUR                       :
UYANIK,                                                  :
                                                         :
                                        Defendants.      :
                                                         :
-------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff Hateks Hatay Isletmeleri A.S. ("Plaintiff") brings this action

against Defendants Unique Boutique Home Inc. ("Unique Boutique") and its owner, Onur

Uyanik ("Uyanik"), (collectively "Defendants") to recover monies owed under a payment plan

agreement (the "Agreement"), executed by the parties to resolve a series of unpaid invoices,

totaling $840,000, issued by Plaintiff to Defendants.

       The Agreement set forth a schedule of thirty payments, to be made monthly,

beginning on or before November 20, 2021. In the event of Defendants' default (failure to pay),

Plaintiff was required to provide written notice and an opportunity to cure. If Defendants failed

to cure, however, an acceleration clause made the remaining unpaid balance, including interest,

immediately due and payable. Defendants failed to make the first payment and failed to cure

within an extended cure period.

       Plaintiff commenced this suit on December 9, 2021. Defendant Unique Boutique

was served on December 16, 2021, and Defendant Uyanik was served on March 14, 2022, (ECF

Nos. 9, 23); however, to date, neither has appeared, answered, or otherwise responded. Plaintiff

requested, and the Clerk of Court entered, an entry of default against each.  (ECF Nos. 14 (Unique Boutique), 26 (Uyanik)).

Plaintiff now moves for a default judgment in the amount of $840,000, prejudgment interest from the date of Defendants' material breach, and post-judgment interest pursuant to 28 U.S.C. § 1961.  (ECF No. 28).  For reasons provided below, the motion is granted.

## BACKGROUND

The following facts are taken from the Complaint ("Compl."), ECF No. 1, and for purposes of deciding this motion, all of Plaintiff's allegations, except those related to damages, are accepted as true.  *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted).

Plaintiff is a Turkish corporation and manufacturer and exporter of textile products.  Compl. ¶¶ 1–2.[1]  Home Boutique is a New York corporation with its principal place of business in New Jersey, and Uyanik is a domiciliary and resident of New Jersey.  ¶¶ 3–4. Plaintiff supplied goods to Defendants and issued commercial invoices.  ¶¶ 1, 8–9.  Although Unique Boutique made several partial payments, starting on August 25, 2021, Defendants failed to fully pay for the goods it received and accepted without objection.  ¶ 9.  On July 6, 2021, Plaintiff sent Unique Boutique a demand letter, *see* Compl. Ex. 1, ECF No. 1-1, and the parties entered into settlement negotiations.  ¶¶ 10–11.  On August 17, 2021, the parties entered into the Agreement, which set forth a schedule of monthly payments, enabling Defendants to pay off their outstanding debt of $840,000 over thirty months.  ¶ 11; *see also* Agreement, Compl. Ex. 2, ECF No. 1-2.  Uyanik agreed to become personally liable for the debts of his company in case of default.  ¶ 12.  In addition, a choice of law clause stipulated that the Agreement would be

---

[1] Unless otherwise noted, "¶" refers to paragraphs in the Complaint.

construed in accordance with the laws of the State of New York, and that the parties consented to the jurisdiction of the United States District Court for the Southern District of New York to resolve disputes.  ¶ 12; *see also* Agreement ¶ 26.

The Agreement also addressed procedures and the parties' rights in the event of default: In the event Defendants failed to make a scheduled payment, Plaintiff was required to send a written notice of default and provide Defendants seven days to cure.  ¶ 13; *see also* Agreement ¶¶ 9–10.  If Defendants failed to cure within that period, however, an acceleration clause made the remaining unpaid balance immediately due and payable.  ¶ 14; *see also* Agreement ¶ 10.

Defendants' first scheduled payment of $20,000 was due on or before November 20, 2021.  ¶ 11.  Defendants failed to make any payment, and on November 23, 2021, Plaintiff provided a written notice of default.  ¶ 13; *see also* Notice of Default, Compl. Ex. 3, ECF No. 1-3.  Plaintiff corresponded with Defendants and extended the cure period to December 3, 2021.  ¶ 13; *see also* Notice of Default.  Defendants failed to cure within the extended period.  ¶ 13.

Plaintiff brought this action on December 9, 2021 to recover the $840,000 owed under the Agreement.  Plaintiff served Unique Boutique on December 28, 2021, and Uyanik on March 14, 2021.  *See* Affidavits of Service, ECF Nos. 9, 23.  Neither Defendant appeared, answered, or otherwise responded within the statutory period, and at Plaintiff's request, the Clerk of the Court entered a certificate of default as to Home Boutique on January 27, 2022, *see* ECF No. 14, and as to Uyanik on April 6, 2022, *see* ECF No. 26.  Plaintiff moved for a default judgment against both Defendants on April 11, 2022 and served Defendants with the motion and supporting documents on April 15, 2022 (Home Boutique) and April 19, 2022 (Uyanik).  *See* ECF No. 32.  Defendants have still failed to appear or respond.

3

## DISCUSSION

A. Legal Standard

Rule 55 governs judgments against a party that has failed to plead or otherwise defend itself in an action. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011); *Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012). Rule 55(a) requires the Clerk of the Court, upon notification from the moving party, to note the default of the party failing to defend the suit. *Priestley*, 647 F.3d at 555 (citing Fed. R. Civ. P. 55). Once the Clerk issues a certificate of default, the moving party may apply for entry of default judgment, pursuant to Rule 55(b). *Pac. M. Int'l*, 888 F. Supp. 2d at 392. "When entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017) (internal citation omitted).

Plaintiff bears the burden to demonstrate that its uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action. *Finkel v. Romanowicz*, 577 F.3d 79, 83 n. 6 (2d Cir. 2009). A default constitutes an admission of all well-pled factual allegations in the complaint, and the allegations, as they pertain to liability, are deemed true. *Id.* (noting that an entry of default establishes liability); *see also Morales v. Mw Bronx, Inc.*, 2016 WL 4084159, at *4 (S.D.N.Y. Aug. 1, 2016) (collecting cases).

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing Fed. R. Civ. P. 8(d); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). A plaintiff seeking to recover damages against a

defaulting defendant also must prove its claim through the submission of evidence at an inquest. *See id.*

II.     Analysis

    A.     Jurisdiction

        The jurisdictional prerequisites are plainly satisfied.  I have subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties—with Plaintiff a citizen of Turkey, Defendant Unique Boutique Home Inc. a New York corporation with its principal place of business in New Jersey, and Defendant Uyanik, a domiciliary of New Jersey—and the amount in controversy exceeds $75,000.  In addition, I may exercise personal jurisdiction over both Defendants.  As to Defendant Unique Boutique Home Inc., as a New York corporation, it is at home in the forum and therefore subject to general personal jurisdiction.  *See* N.Y. C.P.L.R. § 301; *Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014).  As to Defendant Uyanik, the Agreement's forum selection clause includes a stipulation that the parties would subject themselves to the jurisdiction of a District Court in the Southern District of New York.  Because "[p]arties can consent to personal jurisdiction through forum-selection clauses in contracts[,]" I find that Defendant Uyanik has done so here, allowing me to exercise personal jurisdiction over him.

    B.     Procedural Requirements

        Plaintiff has satisfied the procedural requirements of Rule 55.  After Defendants were served but failed to answer or otherwise respond, Plaintiff moved for entry of default, which the Clerk of the Court properly entered against Defendant Unique Boutique Home Inc. on January 27, 2022, and against Defendant Uyanik on April 6, 2022.  Plaintiff now seeks an order of default judgment.

C.      Liability

Under New York law, to establish a breach of contract, a plaintiff must show: (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages. *Verizon Directories Corp. v. Ostad*, No. 05-CV-4887, 2008 U.S. Dist. LEXIS 121961, at *3 (E.D.N.Y. July 15, 2008) (citing *Terwilliger v. Terwilliger*, 206 F.3d 240, 245–46 (2d Cir. 2000).

Plaintiff has established Defendants' liability for breaching the Agreement.  First, Plaintiff has established the existence of a contract.  It attached a copy of the Agreement, signed by both parties, as evidence of the underlying obligation.  Second, Plaintiff has established performance of its obligations under the Agreement. *See* Agreement.  After Defendants failed to make their first installment payment on November 20, 2021, Plaintiff provided a written notice of default and gave Defendants an opportunity to cure the default within seven days, even extending the cure period to December 3, 2021. *See* Notice of Default.  Finally, Plaintiff has established Defendants' breach, providing an affidavit attesting to Defendants' failure to make any payments as obligated under the Agreement. *See* Declaration, ECF No. 28.  Because Defendants have failed to appear in this action or formally respond to Plaintiff's allegations, "[P]laintiff's undisputed allegations as to liability are admitted." *Verizon Directories Corp.*, 2008 U.S. Dist. LEXIS 121961, at *3.

Although Plaintiff has satisfied Rule 55's procedural requirements and established Defendants' liability, I still must decide whether to grant Plaintiff's motion.  In so deciding, courts in this District ordinarily consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default

judgment." *Nespresso USA, Inc. v. Africa Am. Coffee Trading Co. LLC*, 2016 WL 3162118, at *2 (S.D.N.Y. June 2, 2016) (quoting *Indymac Bank, F.S.B. v. National Settlement Agency, Inc.*, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007)); *see also Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (applying the first two factors in review of lower court's grant of a default judgment).

Here, all three factors weigh in favor of granting the motion.  First, Defendants have failed to answer or otherwise respond, despite having been notified of these proceedings with proper service, conduct that courts routinely deem willful.  *See Sayeg v. Azuly*, 2016 WL 5234597, at *4 (S.D.N.Y. Aug. 12, 2016), *adopted by*, 2016 WL 5108132 (S.D.N.Y. Sept. 20, 2016) ("By not appearing, the Court considers [defendant's] default willful."); *Indymac*, 2007 U.S. Dist. LEXIS 93420, at *1 (holding that non-appearance and failure to respond to motion for default judgment indicate willful conduct).  Second, there is no information or evidence suggesting that Defendants have any meritorious defenses to Plaintiff's claim.  Defendants have not submitted any payments in accordance with their obligations under the Agreement, and they have not appeared nor provided any evidence to the contrary.  *See Indymac*, 2007 U.S. Dist. LEXIS 93420, at *1; *see also Sayeg*, 2016 WL 5234597, at *4 (holding that failure to present any evidence shows that defendant has not presented a meritorious defense).  Finally, Plaintiff will be prejudiced if denied the ability to obtain a default judgment because it has no other means of relief against Defendants.  *See Indymac*, 2007 U.S. Dist. LEXIS 93420, at *1 ("Finally, denying the motion would be unfairly prejudicial to Plaintiff, because [defendants] have failed to appear, defend, or plead in response to any of the substantive allegations in Plaintiff's Complaint."); *see also Sayeg*, 2016 WL 5234597, at *4 (finding that the need to "engage in costly discovery to meet his burden of proof if the case were to proceed to trial" against an

absent defendant as evidence of prejudice).  Accordingly, the motion for default judgment is granted.

>    D.    Damages

Plaintiff's "recovery is limited to the amount requested in its demand for judgment." *Verizon Directories Corp.*, 2008 U.S. Dist. LEXIS 121961, at *3 (citing Fed. R. Civ. P. 54(c) and *Scala v. Moore McCormack Lines, Inc.*, 985 F.2d 680, 683 (2d Cir. 1993)).  A court need not hold a hearing for this purpose, however, as long as it has (i) determined the proper rule for calculating damages on the claim, *see Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999), and (ii) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53–54 (2d Cir. 1993) (finding inquest on damages without hearing improper where based upon "single affidavit only partially based upon real numbers"); *see also Verizon Directories Corp.*, 2008 U.S. Dist. LEXIS 121961, at *3 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158–59) ("[I]n lieu of a damages inquest hearing, the movant need only show by affidavit adequate support for the relief it seeks.").

I find that no hearing is necessary to conduct the required inquest.  Plaintiff has provided a copy of the Agreement, signed by the parties, setting forth Defendants' payment obligations.  The Agreement clearly establishes that Defendants were obligated to pay $840,000 to resolve a series of unpaid invoices.  Defendants defaulted on the first payment and failed to cure within the cure period, extended to December 3, 2021.  Under the acceleration clause, the full unpaid debt, $840,000, became immediately due and payable, as of December 3, 2021.

Plaintiff's evidence therefore establishes that it is entitled to damages in the amount of $840,000, and I enter judgment in favor of Plaintiff for that amount.

Plaintiff also requests prejudgment interest at 9% from December 3, 2021, the date of Defendants' breach.  I grant Plaintiff's request for two reasons.  First, the Agreement expressly provides for such interest.  Second, "[u]nder New York choice of law principles, the allowance of prejudgment interest is controlled by the law of the state whose law determined liability on the main claim."  *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008).  The Agreement's choice of law provision stipulated that New York law shall govern disputes; thus, Defendants' liability was determined based on New York law.  Because "[i]nterest is generally mandatory upon a sum awarded for breach of contract under New York law[,]" *see Rhodes v. Davis*, 628 Fed. App'x 787, 792 (2d Cir. 2015), Plaintiffs are entitled to prejudgment interest at 9 percent per year, *see* N.Y. C.P.L.R. § 5004, computed from December 3, 2021, the date of Defendants' breach, *see* N.Y. C.P.L.R. § 5001(b).

Finally, Plaintiff requests post-judgment interest pursuant to 28 U.S.C. § 1961.  I grant this request as well because post-judgment interest is mandatory under Section 1961.  *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004).  Such interest shall be computed at the statutory rate.

## CONCLUSION

For the reasons provided above, Plaintiff's motion is granted.  I award judgment in Plaintiff's favor in the amount of $840,000 plus prejudgment interest calculated at the New York statutory rate of 9 percent per year and starting from December 3, 2021 to the date of entry of this judgment, as well as postjudgment interest to be calculated at the rate provided under 28

U.S.C. § 1961.  The Clerk of Court shall enter judgment, add prejudgment interest and tax costs, and terminate the case.

SO ORDERED.

Dated:       April 28, 2022                  _____/s/ Alvin K. Hellerstein_____
              New York, New York            ALVIN K. HELLERSTEIN
                                       United States District Judge